[No. B117069. Second Dist., Div. Three. Mar 30, 2000.]

LUPE LANGAN, Plaintiff and Respondent, v.
CITY OF EL MONTE, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part IV.E. and F.

## COUNSEL

Kegel, Tobin & Truce and Daniel A. Dobrin for Defendant and Appellant.

Lemaire, Faunce, Pingel & Singer and Steven R. Pingel for Plaintiff and Respondent.

Kayla J. Gillan and Maureen Reilly for California Public Employees' Retirement System as Amicus Curiae on behalf of Plaintiff and Respondent.

OPINION

KITCHING, J.—

I

INTRODUCTION

In this appeal, we consider whether a city official designated by the City of El Monte (City) had the authority under relevant statutes to act as a hearing officer or trier of fact at a disability retirement benefits appeal.

City denied Lupe Langan's (Langan) application for disability retirement benefits. Langan filed an appeal. City notified her that a City official would act as the hearing officer or trier of fact at the appeal hearing, and that an administrative law judge (ALJ) would only advise on questions of evidence and procedure. Langan objected to the hearing procedure and filed a writ of administrative mandamus. The trial court granted Langan's petition and ordered that any appeal must be "conducted either by the City Council . . . or conducted solely by an Administrative Law Judge . . . ." City appeals.

We find that pursuant to the authority of *Usher v. County of Monterey* (1998) 65 Cal.App.4th 210 [76 Cal.Rptr.2d 274] and Government Code section 21156,[1] City cannot designate a hearing officer to serve as the trier of fact in a disability retirement benefits appeal hearing. Langan is entitled to a hearing conducted by either an ALJ who will render a "proposed" decision to City, or the entire El Monte City Council sitting in bank. Accordingly, we affirm.

In the unpublished portion of this opinion, we decide other issues.

II

PROCEDURAL AND FACTUAL BACKGROUND

Langan was employed as a City police officer from 1985 through 1990. In 1991, she applied to City and to the Public Employees' Retirement System (PERS) for disability retirement. On July 7, 1992, City denied Langan's application for industrial disability retirement benefits. Langan appealed the decision.

---

[1]Unless otherwise specified, all statutory references are to the Government Code.

Section 21156 provides in relevant part as follows: "The local safety member may appeal the determination of the governing body. Appeal hearings shall be conducted by an administrative law judge of the Office of Administrative Hearings pursuant to Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of this title."

On April 28, 1994, City wrote Langan's counsel that the disability retirement appeal hearing was scheduled for July 25, 1994. City further stated: "An official from the City of El Monte will act as the hearing officer or trier of fact and an administrative law judge will be available but only in the capacity of legal advisor on questions of evidence, procedure, etc." On July 7, 1994, Langan's counsel wrote City that: "We are also in the process of considering and preparing a writ to establish whether or not the procedure you describe for the hearing comports with the approach intended in California Government Code Section 21025 [now section 21156] . . . ." The parties' disputes about hearing procedure and obtaining records continued to delay the hearing.

On January 31, 1995, Langan's counsel wrote City that "[p]ursuant to Government Code section 21025 [now section 21156], as amended January 1, 1992, the parties are required to use an Administrative Law Judge from the State Office of Administrative Hearings to hear the appeal. [¶] We are currently waiting for a copy of your request for hearing and a copy of the Statement of Issues, which must be submitted by your office before this matter can be assigned an administrative law judge, . . . ." On January 31, 1995, and on March 7, 1995, Langan's counsel requested from City a copy of Langan's personnel/payroll records. On March 21, 1995, City replied to the January 31, 1995, correspondence that the "role of the Administrative Law Judge [will] be no more than to make procedural determinations," but that City would "hear" the appeal.

On May 30, 1996, Langan's counsel again requested from City a copy of Langan's personnel/payroll records. On July 1, 1996, Langan's counsel again explained to City that the parties were required to use an ALJ to hear the appeal, and again requested a copy of the statement of issues. On July 26, 1996, City replied that it was in the process of scheduling a hearing but that the ALJ's role would be limited to making "procedural determinations." On September 17, 1996, the City provided Langan with a copy of her personnel/payroll records.

On June 9, 1997, Langan sought mandamus relief in the superior court to direct City to schedule a disability retirement appeal hearing with the office of administrative hearings, to be conducted by an ALJ. Langan contended, in relevant part, that section 21156 required the appeal hearing to be conducted by an ALJ.

On September 9, 1997, the trial court granted Langan's petition. On October 9, 1997, the trial court issued a statement of decision and a peremptory writ of mandate was issued which "direct[ed] [City] to schedule

a hearing with the Office of Administrative Hearings to determine whether [Langan was] disabled from her job with [City], such hearing to be conducted either by the City Council of the City of El Monte, or conducted solely by an Administrative Law Judge employed by the California Office of Administrative Hearings who is to render a written proposed decision upon which the City may act consistent with the California Administrative Procedure Act."

On November 5, 1997, City timely filed a notice of appeal.

## III

### CONTENTIONS

City contends that:

1. It may appoint its own representative to make factual determinations at Langan's disability retirement appeal hearing pursuant to sections 11512,[2] 11517,[3] 21156, 21173,[4] and various City resolutions.

2. Langan's claim for relief is barred under the doctrine of laches.

[2]Section 11512 provides in relevant part:

"(a) Every hearing in a contested case shall be presided over by an administrative law judge. The agency itself shall determine whether the administrative law judge is to hear the case alone or whether the agency itself is to hear the case with the administrative law judge.

"(b) When the agency itself hears the case, the administrative law judge shall preside at the hearing, rule on the admission and exclusion of evidence, and advise the agency on matters of law; the agency itself shall exercise all other powers relating to the conduct of the hearing but may delegate any or all of them to the administrative law judge. When the administrative law judge alone hears a case, he or she shall exercise all powers relating to the conduct of the hearing. A ruling of the administrative law judge admitting or excluding evidence is subject to review in the same manner and to the same extent as the administrative law judge's proposed decision in the proceeding." (Amended by Stats. 1995, ch. 938, § 39, operative July 1, 1997.)

[3]Section 11517 provides in relevant part:

"(a) A contested case may be originally heard by the agency itself and subdivision (b) shall apply. Alternatively, at the discretion of the agency, an administrative law judge may originally hear the case alone and subdivision (c) shall apply.

"(b) If a contested case is originally heard before an agency itself, all of the following provisions apply:

"(1) An administrative law judge shall be present during the consideration of the case and, if requested, shall assist and advise the agency in the conduct of the hearing.

"(2) No member of the agency who did not hear the evidence shall vote on the decision.

"(3) The agency shall issue its decision within 100 days of submission of the case.

"(c)(1) If a contested case is originally heard by an administrative law judge alone, he or she shall prepare within 30 days after the case is submitted to him or her a proposed decision in a form that may be adopted by the agency as the final decision in the case. Failure of the administrative law judge to deliver a proposed decision within the time required does not prejudice the rights of the agency in the case. Thirty days after the receipt by the agency of

IV

DISCUSSION

## A. Standard of Review

■ "The inquiry in an administrative mandamus proceeding is whether there was a fair trial and whether the agency abused its discretion. An abuse of discretion is established if the agency has not proceeded in the manner required by law, the order is not supported by the findings or the findings are not supported by the evidence. (Code Civ. Proc., § 1094.5, subd. (b).) [¶]

the proposed decision, a copy of the proposed decision shall be filed by the agency as a public record and a copy shall be served by the agency on each party and his or her attorney. The filing and service is not an adoption of a proposed decision by the agency.

"(2) Within 100 days of receipt by the agency of the administrative law judge's proposed decision, the agency may act as prescribed in subparagraphs (A) to (E), inclusive. If the agency fails to act as prescribed in subparagraphs (A) to (E), inclusive, within 100 days of receipt of the proposed decision, the proposed decision shall be deemed adopted by the agency. The agency may do any of the following:

"(A) Adopt the proposed decision in its entirety.

"(B) Reduce or otherwise mitigate the proposed penalty and adopt the balance of the proposed decision.

"(C) Make technical or other minor changes in the proposed decision and adopt it as the decision. Action by the agency under this paragraph is limited to a clarifying change or a change of a similar nature that does not affect the factual or legal basis of the proposed decision.

"(D) Reject the proposed decision and refer the case to the same administrative law judge if reasonably available, otherwise to another administrative law judge, to take additional evidence. If the case is referred to an administrative law judge pursuant to this subparagraph, he or she shall prepare a revised proposed decision, as provided in paragraph (1), based upon the additional evidence and the transcript and other papers that are part of the record of the prior hearing. A copy of the revised proposed decision shall be furnished to each party and his or her attorney as prescribed in this subdivision.

"(E) Reject the proposed decision, and decide the case upon the record, including the transcript, or upon an agreed statement of the parties, with or without taking additional evidence. By stipulation of the parties, the agency may decide the case upon the record without including the transcript. If the agency acts pursuant to this subparagraph, all of the following provisions apply:

"(i) A copy of the record shall be made available to the parties. The agency may require payment of fees covering direct costs of making the copy.

"(ii) The agency itself shall not decide any case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself. If additional oral evidence is introduced before the agency itself, no agency member may vote unless the member heard the additional oral evidence.

"(iii) The authority of the agency itself to decide the case under this subdivision includes authority to decide some but not all issues in the case." (Added by Stats. 1999, ch. 339, § 2.)

[4]Section 21173 provides as follows: "The governing body of a contracting agency may delegate any authority or duty conferred or imposed under this article to a subordinate officer subject to conditions it may impose."

. . . On review in this court, questions of statutory interpretation are questions of law warranting independent review. [Citations.]" (*Usher v. County of Monterey, supra,* 65 Cal.App.4th at pp. 215-216.)

### B. *City Must Use an ALJ to Hear the Case Alone, or City Must Hear the Case Itself with an ALJ Presiding*

■ As stated above, when Langan and City were corresponding regarding the procedures for Langan's appeal, Langan contended that City was required to use an ALJ to hear the appeal. City disagreed, and informed Langan that an official from City would act as the hearing officer or trier of fact, and an ALJ would be available only in the capacity of legal adviser on questions of evidence, procedure, etc.

City argues that sections 11512 and 11517 vest the city council with the power to determine whether it shall hear the case in conjunction with the ALJ or allow the ALJ to hear it and make recommendations. City contends that under sections 11500, subdivision (a)[5] and 21173, "this power, like any others vested in the member agency, may be delegated in the agency's discretion." In other words, City argues that it should be allowed to have an ALJ preside over the case and have a designated City official act as finder of fact. City further argues: "There is no evidence whatsoever of a [l]egislative intent to make a disability retirement procedure so cumbersome that City Council members would either have to sit through the hearing themselves or yield their power to do this to an Administrative Law Judge, despite their own desire to delegate this to one of their trusted administrators." City asks this court to take judicial notice that its revised City regulations provide that an ALJ shall preside over each hearing and limit the hearing officer designated by City to either the city administrator or assistant city administrator.

We disagree with City's position. We find that sections 11512, 11517 and 21156 together provide that an appeal from the denial of a disability retirement must be heard either (1) alone by an ALJ who will render a "proposed" decision to the local governing body, or (2) City must hear the case itself, with an ALJ presiding. An appointee of the city council may not serve as the trier of fact.

---

[5]Section 11500, subdivision (a) provides as follows: " 'Agency' includes the state boards, commissions, and officers to which this chapter is made applicable by law, except that wherever the word 'agency' alone is used the power to act may be delegated by the agency, and wherever the words 'agency itself' are used the power to act shall not be delegated unless the statutes relating to the particular agency authorize the delegation of the agency's power to hear and decide."

*Usher v. County of Monterey, supra,* 65 Cal.App.4th 210 rejected arguments similar to those of City. In *Usher,* Monterey County Deputy Sheriff David Usher applied to PERS for disability retirement. The county advised PERS that Usher was not incapacitated for deputy sheriff duties and was not eligible for disability retirement. Usher appealed the county's decision. A hearing was held before a county appointed hearing officer and an ALJ. (*Id.* at p. 214.) The hearing officer issued his findings and determined that Usher was not substantially incapacitated. (*Id.* at p. 215.)

Usher filed a petition for mandamus relief in superior court. "[Usher] alleged the proceedings were unfair because a hearing officer employed by the County, rather than the administrative law judge, conducted the hearing and issued the findings, contrary to the express provisions of Government Code section 21025 [now section 21156]." (*Usher v. County of Monterey, supra,* 65 Cal.App.4th at p. 215, fn. omitted.) The question before the superior court was "whether the County was required to have the hearing conducted by an administrative law judge." The court granted the petition and a writ of mandamus issued. The county appealed. (*Ibid.*)

On appeal, the county contended that section 11512 specifically authorized use of a hearing officer, with an ALJ appointed to preside over the appeal hearing. Usher argued that former section 21025 (now § 21156) took precedence over section 11512 and required the county to appoint an ALJ to conduct the appeal hearing. (*Usher v. County of Monterey, supra,* 65 Cal.App.4th at p. 217.)

The court agreed with Usher and reasoned:

"First, where state statutes prescribe special hearing provisions for various individual agency proceedings, those provisions prevail over the more general provisions of the APA [Administrative Procedure Act]. [Citation.] . . .

"Secondly, . . . section 21156 does not necessarily conflict with the APA provisions describing the formal hearing process. Section 11512 gives the agency the choice of hearing the case itself, with an administrative law judge presiding, or having the administrative law judge hear the case alone. Section 21156 simply mandates that, in any appeal from a determination under PERS law that the employee is or is not entitled to disability benefits, the agency must follow the APA provisions which provide for an administrative law judge to conduct the hearing alone." (*Usher v. County of Monterey, supra,* 65 Cal.App.4th at pp. 217-218.)

The court then determined that "the procedure used by the County in this case, whereby it contracted with a hearing officer to render a decision on the

merits, with an administrative law judge presiding to rule on evidentiary matters, does not in our view comply with either of the two procedures described in . . . section 11512. Although the administrative law judge 'presided over' the hearing and made evidentiary and other rulings, he did not 'hear the case alone.' (Gov. Code, § 11512, subd. (a).) Nor did the 'agency itself . . . hear the case with an administrative law judge.' (*Ibid.*) Where the statute refers to the 'agency itself,' it means that 'the power to act shall not be delegated unless the statutes relating to the particular agency authorize the delegation of the agency's power to hear and decide.' (Gov. Code, § 11500.) Thus if the County does not use an administrative law judge to hear the case alone, the County's governing body must hear the case itself, with an administrative law judge presiding; in other words, it may not delegate the decision making authority to a hearing officer." (*Usher v. County of Monterey, supra,* 65 Cal.App.4th at p. 218, fn. omitted.)

We find *Usher* controlling in this appeal and hold that if City does not use an ALJ to hear the case alone, City must hear the case itself, with an ALJ presiding. It may not delegate its decisionmaking authority to a hearing officer. City cannot conduct disability retirement appeal hearings using City regulations that do not conform to statutory procedures in section 21156.

### C. The Legislative History of Section 21156 Also Supports Langan's Position

The Legislature specifically amended former section 21025 to prevent biased, untrained persons from deciding appeals of disability pension denials. Now the statute, section 21156, specifies that: "Appeal hearings shall be conducted by an administrative law judge of the Office of Administrative Hearings pursuant to Chapter 5 . . . of Part 1 of Division 3 of this title."

The statutory amendment resulted from Assembly Bill No. 2168 (1991-1992 Reg. Sess.) introduced in 1991 by Assembly Member Gotch. The California State Firefighters Association sponsored the bill. It was concerned that "disability retirement determination hearings may be conducted by individuals or agencies that do not have adequate knowledge of the legal process and . . . employer decisions can be biased." (Sen. Com. on Public Employment and Retirement, Rep. on Assem. Bill No. 2168 (1991-1992 Reg. Sess.) July 1, 1991.

PERS informed the Legislature: "It is PERS' opinion that the local agencies already have an obligation to comply with the Administrative Procedure Act (APA) in the disability retirement process for their safety employees. PERS is subject to the Administrative Procedure Act and the

governing body of the local agency acts as a delegate of the PERS Board of Administration in making the determination of capacity or incapacity; therefore the local agency is bound by the APA in the same manner as the PERS Board itself. In other words, in case of an appeal to a local agency determination, the dispute must be heard by an administrative law judge of the State Office of Administrative Hearings. (Government Code section 11502.)"

The Peace Officers Research Association of California (PORAC) supported the legislation and informed the Legislature: "AB 2168 offers injured workers an impartial ear when they feel a local disability decision is incorrect or improper. No one injured or not likes to think their situation has been misunderstood or ignored. PORAC supports AB 2168 because it offers a fair way to handle disputes between local retirement boards and their injured safety workers."

The original Assembly Bill of March 8, 1991, included the following language: "In the event of a dispute involving the issue of incapacity of a local member, any hearing shall be conducted by an administrative [law] judge of the Office of Administrative Hearings who shall make all relevant findings of fact." (Assem. Bill No. 2168 (1991-1992 Reg. Sess.) § 1, italics omitted.)

The Senate amended the bill on July 18, 1991, to its present form: "The local safety member may appeal the determination of the governing body. Appeal hearings shall be conducted by an administrative law judge of the Office of Administrative Hearings pursuant to Chapter 5 (commencing with Section 11500) of Part I of Division 3 of this title." (Sen. Amend. to Assem. Bill No. 2168 (1991-1992 Reg. Sess.) § 1.)

The legislative history shows that the Legislature meant to eliminate persons without proper legal knowledge and with potential biases from conducting disability retirement appeal hearings. City is bound by the provisions of section 21156.

D.   *Section 21173 Cannot Be Used to Conflict with Section 21156*

■■■   City argues that section 21173 provides that the city council, as governing body, may delegate any power it has with regard to disability retirement hearings. Section 21173 provides as follows: "The governing body of a contracting agency may delegate any authority or duty conferred or imposed under this article to a subordinate officer subject to conditions it

may impose." City relies on this section for authority to designate, under City regulations, the city administrator or the assistant city administrator to act as the trier of fact in appeal hearings.

In *McLaughlin v. State Bd. of Education* (1999) 75 Cal.App.4th 196, 223-224 [89 Cal.Rptr.2d 295], the court stated: " ' "It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; . . ." ' [Citations.]"

The subject of who may conduct disability retirement appeal hearing is directly addressed in section 21156. This statue is more specific than the broad, general reference to "may delegate any authority or duty conferred or imposed under this article to a subordinate officer" contained in section 21173. The language of section 21156 controls over any conflict between sections 21156 and 21173.

Finally, " '[o]ne ferrets out the legislative purpose of a statute by considering its objective, the evils which it is designed to prevent, the character and context of the legislation in which the particular words appear, the public policy enunciated or vindicated, the social history which attends it, and the effect of the particular language on the entire statutory scheme. [Citations.]' [Citations.] 'An interpretation which is repugnant to the purpose of the [statute] would permit the very "mischief" the [statute] was designed to prevent. [Citation.] Such a view conflicts with the basic principle of statutory interpretation, [citation], that provisions of statutes are to be interpreted to effectuate the purpose of the law.' [Citation.]" (*McLaughlin v. State Bd. of Education, supra,* 75 Cal.App.4th at p. 223.)

We find that City may not use section 21173 to appoint a trier of fact because such a procedure violates the legislative intent of section 21156 which was to provide, inter alia, for neutral hearing officers. City employees are not the neutral hearing officers envisioned by section 21156.

E., F.*

*See footnote, *ante,* page 608.

# V

## DISPOSITION

The ruling is affirmed. Langan is awarded costs on appeal.

Croskey, Acting P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied April 25, 2000, and appellant's petition for review by the Supreme Court was denied June 28, 2000.